IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2017 MAR 31  P 3: 57

WILLIAM L. POWELL,

    Plaintiff,

v.

PROGRESSIVE SPECIALTY
INSURANCE COMPANY,

    Defendant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Case No. 2: 17-CV-195

DEBRA P. HACKETT, CLK.
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## NOTICE OF REMOVAL

COMES NOW Defendant Progressive Specialty Insurance Company ("Progressive"), and removes this case to the United States District Court for the Middle District of Alabama, Northern Division, and as grounds therefore, respectfully shows unto the Court the following:

1.    Plaintiff, William L. Powell, is a citizen of the State of Alabama.

2.    Defendant Progressive is an insurance corporation incorporated under the laws of Ohio, with its principal place of business in Ohio, and thus a citizen of the State of Ohio.

3.    Jurisdiction herein is based upon diversity jurisdiction of citizenship, pursuant to 28 U.S.C. 1332(a) and 28 U.S.C. 1441(a).

4.    A complete copy of the State Court Record is attached herewith as Exhibit "A."

5.    This case arises out of a claim for insurance benefits made by Plaintiff Powell to Progressive, and Progressive's denial of that claim after investigation. (Exhibit A). Plaintiff claims that, on or about March 24, 2016, he discovered damage to his watercraft, a 2000 34' Boston Whaler Defiance, HIN BWCNB008D900, named "Blue Eyes". (Exhibit A). Plaintiff alleges that the watercraft was damaged as a result of excessive water in the bilge. Specifically, Plaintiff alleges

damages to the vessel's battery charger, batteries, bilge pumps and switches, water heater, gauges, air conditioner wiring, and generator/power plant. (Exhibit A). Plaintiff submitted a claim to Progressive under a policy of insurance issued to him and underwritten by Progressive, AL Boat Policy # 38472074-0. (Exhibit A). After investigating the claim for benefits, Progressive determined that the damage to the watercraft appeared to be "the result of gradual deterioration and rusting", and denied the claim. (Exhibit A). On March 10, 2017, Plaintiff filed this suit against Progressive in the Circuit Court of Montgomery County, Alabama, asserting claims of breach of contract and bad faith. (Exhibit A).

7.     This Defendant was served with the Summons and Complaint on March 16, 2017. (Exhibit A). This Defendant is removing this case to the United States District Court within thirty (30) days from the date of service of process.

8.     The Complaint filed herein does not assert a certain monetary amount being sought. Plaintiff claims substantial compensatory damages under the contract for the damages to the watercraft. In addition, Plaintiff seeks damages for mental anguish and severe emotional distress, and punitive damages based upon the defendant's alleged bad faith failure to investigate and denial of the claim for insurance benefits. By making claims for compensatory damages and punitive damages based upon bad faith, Plaintiff is clearly placing an amount in excess of $75,000 in controversy in this case.

9.     Large verdicts against insurance companies on even relatively small measures of compensatory damages have long been a part of Alabama jurisprudence, where claims of bad faith or fraud are asserted. It "is clear in Alabama, when a plaintiff seeks recovery for fraud against an insurance company and asks for punitive damages, the recovery, if the plaintiff prevails, may very well exceed [the jurisdictional amount]." Davis v. Franklin Life Ins. Co., 71 F.Supp.2d 1197, 1200

(M.D.Ala.1999).

      10.    Where, as here, "a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the...jurisdictional requirement." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir.1996), abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir.2000). Although the removing defendant may submit evidence demonstrating the propriety of removal, in some cases, "it may be facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir.2010).

      11.    Eleventh Circuit precedent "permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount...Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Roe, 613 F.3d at 1061-62 (internal citations omitted).

      12.    The dispositive issue "is not whether plaintiff's 'hard damages' exceed $75,000. The issue is whether the reprehensibility of defendants' alleged misconduct indicates that an amount exceeding $75,000 is more than likely *in controversy*." Robinson v. Affirmative Ins. Holdings, Inc., 2013 WL 838285, *4 (N.D.Ala., March 1, 2013)(*emphasis* in original). Similarly, here, Plaintiff's Complaint alleges that Defendant "was repeatedly advised and requested to retain an electrical expert to investigate the power surge/lightning strike as the root cause of the damage",

but refused and continues to refuse to do so. Plaintiff alleges that Defendant refused to conduct a reasonable or competent investigation of Plaintiff's claim. Plaintiff further alleges that Defendant "is aware that at all times relevant, [Plaintiff] has been caring for his wife who is stricken with dementia (Alzheimer's disease) and that he is the manager of his own business. Because of the added strain of the wrongful refusal to investigate and pay the claim, [Plaintiff] has experienced and continues to experience severe emotional distress." (Exhibit A, Complaint, ¶ 4.9). Plaintiff seeks recovery of damages for mental anguish as well as punitive damages. As was the case in *Robinson*, "plaintiff has requested compensatory damages for a variety of injuries, including mental anguish and emotional distress, as well as punitive damages – a factor district courts must consider in assessing the amount in controversy unless it is apparent to a legal certainty that such cannot be recovered." Id. at 4, citing Holley Equip. Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir.1987).

13.     Applying "judicial experience and common sense," this Court may find that the Complaint clearly places an amount exceeding $75,000 in controversy based upon the factual allegations, the claims asserted, and the damages requested.

14.     Upon the filing of this Notice, this Defendant has given written notice thereof to the attorney for the Plaintiff, and has filed a copy of the removal proceedings and notice with the Circuit Court of Montgomery County, Alabama, all in accordance with the law. (Exhibit "B").

WHEREFORE, this Defendant prays that the removal of this action to the United States District Court for the Middle District of Alabama, Northern Division, be effected and no further or other proceedings may be had with respect to this matter in the Circuit Court of Montgomery County, Alabama, pending a final decision and determination of controversy in the said United States District Court.

DATED this 31st day of March, 2017.



ALEX L. HOLTSFORD, JR. (ASB-9586-D62A)
Attorney for Defendant Progressive

OF COUNSEL:
Holtsford, Gilliland, Higgins, Hitson & Howard, P.C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
Telephone:      334-215-8585
Facsimile:      334-215-7101
Email:          aholtsford@hglawpc.com


## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of the same in the United States Mail, postage prepaid and properly addressed; and/or (c) by personal/firm email to the following attorneys:

George P. Walthall, Jr.
Law Office of George P. Walthall, Jr., LLC
141 West Main Street
Prattville, AL 36067
george.walthall@gpwjr.com

This the 31st day of March, 2017.

OF COUNSEL